# Frank *v.* American Bond & Mortgage Company, Appellant.

*Practice, C. P.—Trial—Charge—Comment on evidence—Request for further instructions.*

Where evidence is introduced at a trial which has no bearing upon the case, except as affecting the credibility of witnesses, and the trial judge instructs the jury that it is for them to consider what effect it has upon the credibility of the witnesses, counsel cannot complain that fuller instructions were not given, if no request for such instructions were made at the time.

*Appeals—Harmless error—Rejection of evidence.*

A judgment on a verdict for plaintiff will not be reversed because of the rejection of certain evidence, if it appears that the rejection of such evidence did the defendant no harm.

*Appeals—Refusal of new trial—Abuse of discretion.*

Nothing but a gross abuse of discretion will warrant the appellate court in reversing a judgment, because the trial court refused to grant a new trial.

Argued April 22, 1918.   Appeal, No. 12, April T., 1918, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 1514, on verdict for plaintiff in case of Howard C. Frank et al., doing business as Frank, Lloyd & Stoplet, v. American Bond & Mortgage Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on an oral contract for the preparation of plans for a building. Before COHEN, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,228.50. Defendant appealed.

*Errors assigned* were various instructions and rulings and refusing to grant a new trial.

*G. W. Williams,* for appellant.

*John Murray Redden,* with him *Ralph H. Frank,* for appellees.

OPINION BY HENDERSON, J., November 30, 1918:

The question raised by the pleadings and evidence in this case was one of fact purely. The plaintiffs claimed they entered into a contract with the defendant represented by its president and secretary, for the preparation of plans for a lodge to be erected by the Loyal Order of Moose of Sharon. The defense was that they were not so employed by the defendant but that their work was vol-

untary with the expectation that they would be employed by the lodge as architects. The issue was, therefore, within a very narrow compass, and was not obscured by any testimony or facts tending to mislead the jury.

In the first assignment complaint is made that the charge of the court was not adequate with reference to the effect of certain testimony relating to "the Farrell contract." That contract had no connection with the subject of controversy. It was referred to in the cross-examination of one of the defendant's witnesses and the evidence relating thereto would probably have been rejected if objection had been made to it by the counsel for the defendant. Rebutting evidence was also introduced. This testimony was intended to affect the credibility of the plaintiff and of the defendant's witness. It could have no other bearing in any view of the case. The court instructed the jury that it was for them to consider whether that testimony was favorable to the plaintiff or to the witness, Davis. This instruction was correct. Conceding that the evidence was relevant at all it was only so to the extent to which it affected the credibility of these witnesses. If the evidence was deemed important and fuller instructions were desired with reference to its effect the court should have been requested to amplify the charge on that subject. The learned judge in concluding the charge said: "Now, I think I have afforded everybody any opportunity to say what they wanted to say. Have you anything else?" Thereupon, the defendant's counsel said "No; your honor." In the face of this state of the record the argument that the charge was not sufficient on a particular branch of the case has little weight. It would be unjust to the court to sustain an exception under such circumstances. The comments of the court in regard to that part of the testimony were not prejudicial to the defendant.

The evidence covered by the second assignment was introduced to contradict the averment in the affidavit of defense made by the secretary and treasurer of the de-

fendant with reference to the willingness of the Sharon Lodge to pay the plaintiff a reasonable compensation. The inquiry was not a material one and the evidence might with propriety have been rejected but it did the defendant no harm.

The refusal of the court to grant a new trial is made the subject of the third assignment. We have examined the evidence with care and do not find any basis to support the assignment. Nothing but a gross abuse of discretion would warrant a reversal for the reason assigned and there is a total absence of facts which suggest such action of the court in refusing the motion. The testimony in support of the plaintiffs' case is clear, direct, and corroborated by numerous circumstances. It is contradicted by the testimony of the president and secretary of the defendant company. The credibility of the witnesses was plainly for the consideration of the jury. The corroborating circumstances with reference to preparation of plans and payment of traveling expenses of the plaintiff and the purpose of the defendant through its officers in connection with the proposed building influenced the jury doubtless, in reaching the conclusion which it did. None of the assignments are sustained.

The judgment is affirmed.